Robert D. Phillips, Jr. (SBN 82639)
Email: rphillips@reedsmith.com
Cristyn N. Chadwick (SBN 280705)
Email: cchadwick@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Plaintiff
MINNESOTA LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>RAFIA FAROOK, an Individual; SAIRA KHAN an Individual; and the UNITED STATES OF AMERICA,<br><br>　　　　　Defendants. | No.:<br>Related Case Nos.: 5:16-cv-01129-RGK and 5:15-cr-00093-JGB<br><br>**MINNESOTA LIFE INSURANCE COMPANY'S COMPLAINT IN INTERPLEADER** |

Plaintiff Minnesota Life Insurance Company ("Minnesota Life") alleges as follows:

## THE PARTIES

1. Minnesota Life is and, at all times mentioned herein, was a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in Saint Paul, Minnesota, and is authorized to do business and is doing business within the State of California.

2. Minnesota Life is informed and believes and thereon alleges that decedent Syed Rizwan Farook (the "Insured") was an individual domiciled in the State of California, and was a resident of Redlands, California.

3. Minnesota Life is informed and believes and thereon alleges that defendant Rafia Farook is an individual domiciled in the State of California, that her residence is in Redlands, California, and that she is the mother of the Insured.

4. Minnesota Life is informed and believes and thereon alleges that defendant Saira Khan is an individual domiciled in the State of California, that her residence is in Riverside, California, and that she is the sister of the Insured.

5. Minnesota Life is informed and believes that the United States of America is the Plaintiff in United States District Court, Central District of California Case No. 5:16-CV-1129 seeking forfeiture of the proceeds of the life insurance which is the subject of this complaint. The United States has requested that Minnesota Life interplead the proceeds at issue rather than paying the benefit to Ms. Farook.

## JURISDICTION

6. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. Section 1355 because the payment of the proceeds of the life insurance which is the subject of this complaint involves a dispute among defendants involving a federal question under 18 U.S.C. § 981(a)(1)(G)(iii).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

MINNESOTA LIFE INSURANCE COMPANY'S COMPLAINT IN INTERPLEADER

# VENUE

7. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) because at least one defendant resides in this judicial district and a substantial part of the events, acts, and omissions giving rise to Minnesota Life's claims occurred within the District.

# GENERAL ALLEGATIONS

8. In or around January 2012, Minnesota Life issued a basic life insurance policy on the life of Syed Rizwan Farook under the County of San Bernardino's group life insurance policy no. 33772-G (the "Basic Policy"). The face amount of the Basic Policy is $25,000.

9. The Insured designated his mother, defendant Rafia Farook ("Ms. Farook"), as the primary beneficiary of the Basic Policy, and his sister, defendant Saira Khan ("Ms. Khan"), as the contingent beneficiary. There has been no change to the beneficiary designation on the Basic Policy.

10. On or about July 13, 2013, Minnesota Life issued a supplemental life insurance policy on the life of Syed Rizwan Farook under San Bernardino County's group life insurance policy no. 33772-G (the "Supplemental Policy"). The face amount of the Supplemental Policy is $250,000.

11. In June 2013, the Insured logged onto the County of San Bernardino's employee benefits website and confirmed that the prior beneficiary election designating Ms. Farook as the primary beneficiary and Ms. Khan as the contingent beneficiary should apply to the Supplemental Policy.

12. In June 2015, the Insured again logged into the County of San Bernardino's employee benefits website and confirmed his life insurance coverage and prior beneficiary designations.

13. Minnesota Life is informed and believes that, on December 2, 2015, the Insured led an Islamic extremism-inspired terrorist attack in San Bernardino County. The Insured, along with his wife, killed 14 people and injured 22 others.

14. Minnesota Life is informed and believes that, on the same day, the Insured engaged in a shootout with law enforcement and was shot and killed.

15. By reason of the death of the Insured, the total payable benefit under the Basic Policy and Supplemental Policy (collectively "the Policies") has become due and owing.

16. Minnesota Life is and, at all times herein mentioned, has been ready, willing, and able to pay the death benefit due under the Policies to the person or persons legally entitled thereto.

17. However, Minnesota Life is informed and believes, and based upon such information and belief, alleges that there are actual or potentially conflicting claims relating to the death benefit payable under the Policies, which can only be resolved with the assistance of the Court.

18. On or about April 28, 2016, Minnesota Life received a Beneficiary Statement from Ms. Farook seeking payment of the death benefit payable under the Policies on the grounds that she is the designated primary beneficiary.

19. Minnesota Life is informed and believes that Ms. Farook had material knowledge of, and/or participated in, the planning of the terrorist attack executed by the Insured.

20. Minnesota Life is informed and believes that the Insured was living with Ms. Farook at a home in Redlands, California at the time of the attack, and that the Insured built improvised explosive devices (IEDs) and stockpiled weapons and ammunition at their shared residence.

21. Specifically, Minnesota Life is informed and believes that FBI Agents found bomb making materials in the garage, including explosive powder consistent with the explosive powder used in the IED found at the site of the attack and other bomb-making equipment and components.

22. Minnesota Life is therefore uncertain as to whether it is obligated to pay a death benefit to a beneficiary who had material knowledge of, and/or participated in, the planning of the terrorist attack executed by the Insured.

23. Additionally, Minnesota Life is informed and believes that Ms. Khan, on that basis, may also claim entitlement to the death benefit payable under the Policies on the ground that she is the contingent beneficiary.

24. Minnesota Life currently lacks information or belief as to Ms. Khan's involvement in the terrorist attack.

25. The United States of America is the Plaintiff in United States District Court, Central District of California Case No. 5:16-CV-1129 seeking forfeiture of the death benefit payable under the Policies. The United States of America alleges that the proceeds of the Policies were derived from a Federal crime of terrorism against the United States, citizens or residents of the United States, or their property, rending them subject to forfeiture to the United States pursuant to 18 U.S.C. 981(a)(1)(G)(iii).

26. Case No. 5:16-CV-1129 is pending in this Division.

27. Minnesota Life admits that the death benefit payable under the Policies is $275,000.00, plus statutory interest as calculated from the date of the Insured's death. Minnesota Life has been, at all times, and is now ready, willing and able to pay the death benefit under the Policy to the person or persons legally entitled thereto. However, by reason of actual or potential conflicting claims to the proceeds from defendants, and each of them, Minnesota Life does not know and cannot determine the person or persons legally entitled to the death benefit. Further, payment of such proceeds to any one of the named defendants would subject Minnesota Life to the risk of multiple and/or inconsistent liabilities.

28. Minnesota Life files this complaint in good faith and without any collusion with any of the parties hereto. Minnesota Life has no interest in the

proceeds of the Policy, or any part thereof, and is a mere stakeholder of those proceeds.

## NOTICE OF DEPOSIT

29. Subsequent to the filing of this complaint, Minnesota Life will deposit with the clerk of the United States District Court, Central District of California, the sum of $280,756.17, which represents the total payable benefit under the Policies in dispute, together with statutory interest through June 10, 2016 (the "Disputed Amount").

WHEREFORE, Minnesota Life prays for judgment as follows:

1. That this Court decree that the complaint is properly filed and that this is a proper cause for interpleader;

2. That defendants each be compelled to interplead or settle among themselves their respective rights or claims to the Disputed Amount due and payable under the Policy by reason of the death of Syed Farook;

3. That, having deposited the Disputed Amount with the Clerk of the Court, Minnesota Life be discharged from all liability to defendants, and each of them; and

4. For such other relief as the Court may deem proper.

DATED: June 8, 2016                REED SMITH LLP

                                   By  */s/ Cristyn N. Chadwick*
                                      Robert D. Phillips, Jr.
                                      Cristyn N. Chadwick
                                      Attorneys for Plaintiff
                                      Minnesota Life Insurance Company

REED SMITH LLP
A limited liability partnership formed in the State of Delaware