RON CORDOVA    (SBN 53341)
ALLYSON RUDOLPH (SBN 300766)
Ron Cordova, Attorney at Law
16520 Bake Parkway, Suite 280
Irvine, California 92618
Telephone:   949-748-3600
Facsimile:   949-748-3888
E-mail:       roncordova@roncordovalaw.com

Attorneys for Defendants RAFIA FAROOK and SAIRA KHAN

UNITED STATES DIRECTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>RAFIA FAROOK, an Individual; SAIRA KHAN, an individual; and the UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No.: 5:16-cv-01206<br>Related Case Nos.: 5:16-cv-01129-RGK and 5:15-cr-00093-JGB<br><br>ANSWER TO MINNESOTA LIFE INSURANCE COMPANY'S COMPLAINT IN INTERPLEADER<br><br>Action filed: June 9, 2016<br>Trial Date: None Pending |

Defendants RAFIA FAROOK and SAIRA KHAN ("Defendants"), by and through their attorneys, state their answer to Plaintiff's complaint as follows:

<u>ANSWER TO COMPLAINT</u>

1. Defendants are informed and believe and on that basis admit that Minnesota Life is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in Saint Paul, Minnesota, and is authorized to do business and is doing business within the State of California.

2. Defendants admit the allegations set forth in Paragraph 2.

3. Defendants admit that Rafia Farook is the mother of the insured and is domiciled in the State of California. Her current residence is in Corona, California.
4. Defendants admit the allegations set forth in Paragraph 4.
5. Defendants are informed and believe and on that basis admit the allegations set forth in Paragraph 5.
6. Defendants admit the allegations set forth in Paragraph 6.
7. Defendants admit the allegations set forth in Paragraph 7.
8. Defendants admit the allegations set forth in Paragraph 8.
9. Defendants admit the allegations set forth in Paragraph 9.
10. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 10.
11. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11.
12. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12.
13. Defendants admit the allegations set forth in Paragraph 13.
14. Defendants admit the allegations set forth in Paragraph 14.
15. Defendants admit the allegations set forth in Paragraph 15.
16. Defendants admit that Minnesota Life is able to pay the death benefit due under the Policies to the person or persons legally entitled thereto, but deny that Minnesota life is ready and willing to do so.
17. Defendants deny the allegations set forth in Paragraph 17.
18. Defendants admit the allegations set forth in Paragraph 18 with the exception of the date, which Defendants believe the date to be April 23, 2016.
19. Defendants deny the allegations set forth in Paragraph 19.
20. Defendants admit that the Insured was living with Ms. Farook at a home in Redlands, California at the time of the attack, but lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 20.

21. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21.
22. Defendants deny the allegations set forth in Paragraph 22.
23. Defendants admit the allegations set forth in Paragraph 23.
24. Defendants deny the allegations set forth in Paragraph 24.
25. Defendants admit the allegations set forth in Paragraph 25.
26. Defendants admit the allegations set forth in Paragraph 26.
27. Defendants admit that the death benefit payable under the Policies is $275,000 plus statutory interest, admit that Minnesota Life is able to pay the death benefit due under the Policies to the person or persons legally entitled thereto, deny that Minnesota life is ready and willing to do so and are without sufficient knowledge and information as to the remaining allegations set forth in Paragraph 27.
28. Defendants admit that Minnesota Life has no interest in the proceeds of the Policy, or any part thereof, but are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 28.
29. Defendants admit that the sum of $280,756.17 represents the total payable benefit under the Policies together with statutory interest through June 10, 2016 June 2016, but lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 29.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Breach of Contract)

Plaintiff breached its contract with the insured in failing to issue the value of the death benefit payable upon death.

### SECOND AFFIRMATIVE DEFENSE

(Reservation of Right to Assert Further Affirmative Defenses)

Defendants reserve the right to assert further affirmative defenses as they become evident through discovery and/or investigation.

## PRAYER FOR RELIEF

Wherefore, Defendants respectfully request:

1. An order that Minnesota Life Insurance Company pay to Rafia Farook the entire value of the death benefit payable under the Policies;
2. An award to Defendants' of their reasonable attorney's fees and costs as authorized by applicable statutes in defending this action against Plaintiff;
3. Dismissal of Plaintiff's action with prejudice; and
4. Such other and further relief as this Honorable Court deems just and proper.

Dated: June 28, 2016

Respectfully submitted,

RON CORDOVA
Attorney for Defendants RAFIA FAROOK and SAIRA KHAN